## CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

### v.

## J. THOMAS FARRELLY.

1. RAILROADS—KILLING STOCK—CATTLE-GUARDS.—The stock got on the track, near where it was injured, by jumping the cattle-guard from the highway; but it appearing that the railroad company had performed its duty in making the cattle-guard at the public highway, as required by law, and that the same was sufficient to turn ordinary cattle, the company is not liable, unless the injury was caused carelessly or willfully.

2. FENCES—CONDITION AT OTHER PLACES.—The bad condition of appellants' fences at other places than that where the stock got upon the track, could not be shown. The want of a sufficient fence at the place where the animal got upon the track is the precise thing to be considered, and if no fault existed there, no liability attaches.

APPEAL from the Circuit Court of Green county; the Hon. A. G. BURR, Judge, presiding.

Messrs. SWEENEY, JACKSON & WALKER, for appellant; that if the fences and guards were good and sufficient for turning stock under ordinary circumstances, the company is not liable, cited C. & A. R. R. Co. v. Utley, 38 Ill. 410.

The condition of the fence at places other than where the animal got upon the track, cannot be considered: G. W. R. R. Co. v. Hanks, 36 Ill. 241.

Mr. WM. M. WARD and Mr. H. C. WITHERS, for appellee; that where a railway company is liable to expect stock upon its track, it is bound to exercise a greater degree of diligence, and should have trains under control, cited C. & A. R. R. Co. v. Engle, 84 Ill. 397.

Where an animal is seen or could have been seen by the exercise of ordinary care, it is the duty of an engineer to slacken the speed so as to avoid the injury, and a failure to do so will be such negligence as will render the company liable: R. R. I. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58; C. &

A. R. R. Co. v. Ford, Sup. Ct. Ill. unreported; T. P. & W. R'y Co. v. Ingraham, 58 Ill. 120; Ill. Cent. R. R. Co. v. Wren, 43 Ill. 77; T. P. & W. R. R. Co. v. Bray, 57 Ill. 514.

Negligence is a question for the jury: Nor. Line Packet Co. v. Binninger, 70 Ill. 571; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174.

If a series of instructions properly present the law of the case, it will not be reversed because one may be objectionable: Walker et al. v. Collier et al. 37 Ill. 362; Nor. Line Packet Co. v. Binninger, 70 Ill. 571.

Where there is evidence from which the jury could properly find their verdict, it will not be disturbed: T. W. & W. R. R. Co. v. Moore, 77 Ill. 217.

DAVIS, J. Appellee sued appellant before a justice of the peace to recover the value of a mule claimed to have been killed through the negligence of appellant.

On appeal to the Circuit Court appellee recovered a judgment for $125, and to reverse this judgment appellant appeals to this Court.

The evidence shows that the mule was on the farm of appellee, and escaped from his pasture on the Saturday night it was injured. His fences were not very good, and his mule got out of his pasture into a neighbor's field, and out of this field into the highway. The mule crossed the cattle-guard from the public highway, jumping over the guard between the rails in the center of the track, and running about forty rods, after jumping the guard, off at one side before getting on the track, and then running about one hundred and twenty rods, when he was knocked off by the locomotive and so badly injured that he was afterwards shot. It was dark when the accident happened, and between six and seven o'clock in the evening. The weight of the evidence is that the cattle-guard was made new about a month before the occurrence, and was at the time in good condition and sufficient to turn ordinary stock.

From this it appears that the mule was on the track of the railroad where it had no right to be when it was struck, and the company having performed its duty in making the cattle

guard at the public highway as required by law, it is not liable unless the appellee has proved against it carelessness or willful injury. C. & A. R. R. Co. v. Utley, 38 Ill. 410.

We think the evidence fails to show any carelessness or willful injury on the part of those in charge of the train, and that, therefore, appellant is not liable. Evidence was allowed to be given to the jury against the objection of appellant, to show that the fences approaching the cattle-guard were out of repair, and that there were no fences on the side of the track where the mule was killed.

This evidence was improperly admitted. The mule got upon the track by jumping over the cattle-guard, and it was wholly immaterial what was the condition of the fences approaching the cattle-guard, and the want of fences at the place where the mule was injured. The rule is that the place where the animal gets upon the track is the precise thing to be considered, and if no fault existed there, no liability attaches. Great Western R. R. Co. v. Hanks, 36 Ill. 241.

The judgment must be reversed and the cause remanded.