PATRICK NOLON, Respondent, v. THE CHICAGO & ALTON
RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 22, 1886.

1. CONTRACT—TENANT—NOTICE.—A tenant of a land owner is not
bound by the agreement of the owner, unless he had notice of its
existence.

2. NEGLIGENCE—STOCK RUNNING AT LARGE.—It is not contributory
negligence, in this state, to permit stock to go at large in the vi-
cinity of a railroad.

APPEAL from Moberly Court of Common Pleas,
HON. G. H. BURCKHARTT, Judge.

*Affirmed.*

The case and facts stated in the opinion.

MACFARLANE & TRIMBLE, for the appellant.

I.   Defendant was not liable to plaintiff, under sec-
tion 809, Revised Statutes, for the loss of his mule.
Fences are required for the benefit and protection of the
adjacent land owner alone: *Berry v. Railroad*, 65 Mo.
172 ; *Harrington v. Railroad*, 71 Mo. 384; *Peddicord
v. Railroad*, 85 Mo. 160.

II.   The land owner may waive the right, and it
will be a defence to a suit for damages under section
809, Revised Statutes. *Thomas v. Railroad*, 82 Mo.
541 ; *Ellis v. Railroad*, 48 Mo. 233. A *tenant* of the
proprietor occupying the land with notice of the agree-
ment, would in like manner be bound by the waiver of
his landlord. *Thomas v. Railroad, supra ; Railroad
v. Washburn*, 97 Ill. 253 ; *Warren v. Railroad*, 41
Iowa, 484. Knowledge of such facts as would put a
reasonably prudent man on such inquiry as, if followed

Vol. xxiii—23

up, would lead to the knowledge of the agreement, is sufficient notice. This information plaintiff had. *Major v. Buckley*, 51 Mo. 227; *Meier v. Blume*, 80 Mo. 184.

III. Plaintiff was guilty of such contributory negligence as should defeat a recovery. His negligence was wilful. *Doyle v. Railroad*, 21 Mo. App. 416.

IV. The statute (sect. 809) did not apply to the road at the place plaintiff's mule got upon the track. Railroads are public highways. Const. Mo., art. 12, sect. 13; Rev. Stat., sect. 821. The statute does not apply in case fencing would interfere with the business of the public, or the corporation, as at public crossings, depots, etc. The reason is equally obvious why it should not apply here. Cooley Const. Lim., 578; *Morris v. Railroad*, 58 Mo. 78.

W. A. Martin, for the respondent.

I. There is no claim of actual notice, but only of constructive notice. Even this is not shown. Besides, the positive requirement of the statute is to fence. Rev. Stat., sect. 809. And the alleged *agreement* is not satisfactorily proved.

II. The question of contributory negligence has nothing to support it in this case. The evidence nowhere shows any necessity for breaking the fence along the old road in order to grade the new; in fact there is no evidence on that question. Plaintiff had no notice of the verbal agreement claimed by defendant—was on the ground rightfully, and his rights were fixed before anything was done by defendant or Hamilton to put him on inquiry.

Ellison, J.—This suit was commenced before a justice of the peace for double damages under section 809, for killing a mule belonging to plaintiff.

John Hamilton owned a tract of enclosed land through which defendant's road ran. In order to straighten its road through Hamilton's land, defendant

had determined to build a new track, and for this purpose had purchased from Hamilton the right of way. The new road left the old one on the east side of Hamilton's land, and came to it again on the west side.

Between the new right of way and the old road a narrow strip of Hamilton's land was left coming to points at each end and widening in the center to something over one hundred feet. In the contract of purchase, defendant and Hamilton agreed that before the grading was done, defendant should build a fence on the north side of the new line or right of way ; this requirement was incorporated in the deed. It was also agreed that the fence on the north side of the old road might be moved, and the materials used in making the new fence, thus leaving both roads, the one being constructed and the one being operated, enclosed by the same fences. This latter agreement was not in the deed.

After the deed had been taken and recorded, and after defendant had located, marked out and commenced clearing and grading the new road, plaintiff came upon the ground with teams for the purpose of obtaining work in grading the new road. By permission of Hamilton, and under an agreement to pay therefor, plaintiff camped with his teams on this strip of land lying between the two roads, one hundred and ten feet from the track, and sixty feet from the new road.

Afterwards defendant commenced building the new fence and removing the material from the old one. The laborers working on the new road were hauling from the old to the new road, and, with plaintiff's knowledge, had broken the fence. With full knowledge of these facts, plaintiff kept his mules between the two roads. One of them got through the broken fence upon the track, and was struck and killed by a passing train. There was no evidence that plaintiff took any precautions to restrain his mules and prevent them from going upon the track.

Upon this undisputed state of facts, the court, by

declarations of law, given and refused, held : (1) that plaintiff, when on this strip of land, was an adjoining proprietor, and defendant was bound to keep its road fenced to prevent his mules from going upon the track ; (2) that upon the evidence in the case, plaintiff was entitled to recover double damages, under section 809; (3) that plaintiff was not bound by the agreement between defendant and John Hamilton ; and (4) that plaintiff was not guilty of such contributory negligence as would prevent his recovery.

These rulings of the court are assigned as error, and upon them defendant relies for a reversal of the judgment.

The foregoing are the facts as set out by the parties to this action, and on this state of facts we will affirm the judgment. The agreement that the fence on the north side of the old road might be removed to the north side of the new road was not incorporated in the deed from Hamilton to the defendant, though the agreement that a fence should be built on the north side of the new road was so incorporated. Plaintiff then had no notice from the deed of such an understanding, and the evidence, in our judgment, fails to show notice to him *aliunde*, or such state of facts as would 'put him upon his inquiry. A tenant of a land owner is not bound by the agreement of the owner unless he has notice of its existence. *Thomas v. Ry. Co.*, 82 Mo. 538.

II.   It is contended by defendant that the fact that the plaintiff permitted his mule to go at large at the place stated, was contributory negligence on his part and ought to prevent his recovery. But plaintiff had the right to turn his mule out, and we are unable see how his knowledge that defendant was compelled by the deed to build a fence north of the new track, would interfere with that right. And though he saw that defendant had broken down portions of the old fence, or removed it entirely, it would not prevent him from lawfully exer-

cising the right, recognized in this state, of permitting his stock to run at large.

We have examined the remaining objection urged by defendant, but are unable to acquiesce in the view that section 809, Revised Statutes, does not apply to the facts of this case.

The judgment is, with the concurrence of the other judges, affirmed.