ERNEST O. COLE, Respondent, v. THE CHICAGO, BUR-LINGTON & QUINCY RAILROAD, Appellant.

Kansas City Court of Appeals, January 18, 1892.

1.  **Railroads:** CATTLE-GUARDS : CONSTRUCTION OF STATUTE. Section 2611, Revised Statutes, 1889, only requires a cattle-guard that is ordinarily or usually sufficient to prevent stock from crossing it, and a jury called to try the sufficiency of a cattle-guard should so be informed by the instruction.

2.  **Construction:** RULE. The construction of a statute should accord with reason and common sense, and should not require impossible or unreasonable things.

3.  **Appellate Practice:** COMMON FAULT. Reversible error in an instruction given for respondent is cured by appellant asking an instruction containing the same fault.

4.  **Trial Practice:** FILING REPLY. It is not error to permit a reply to be filed after the jury is sworn and the pleadings read.

5.  **Railroads:** FENCING : ANIMALS RESTRAINED FROM RUNNING AT LARGE. The fact that article 2, chapter 5, Revised Statutes, 1889, restraining animals from running at large, is in force in a county, does not relieve railroads of the duties imposed by section 2611 to fence their tracks and construct cattle-guards.

*Appeal from the Harrison Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

AFFIRMED.

Cole v. The Chicago, B. & Q. Ry. Co.

*D. J. Heaston*, for appellant.

(1) It was error to permit plaintiff to file reply other than general denial after the jury was sworn and the pleadings read, no reply to the new matter of the answer having been filed. *Ennis v. Hogan*, 47 Mo. 513; R. S. 1889, secs. 2053, 2211. (2) The court erred in giving plaintiff's instruction as asked. It instructs the jury that the defendant was required to fence its road "except at public c rossings and in incorporated towns," not even excepting depot grounds, the very place in issue in this case. R. S. 1889, sec. 2611; *Pearson v. Railroad*, 33 Mo. App. 543; *McGrath v. Railroad*, 57 Mich. 555; 24 N. W. Rep. 854. (3) The defendant's fourth instruction should have been given. All that is required of railroad companies is to put in the best and most approved cattle-guards, and keep them in good repair. Companies are not required to make cattle-guards absolutely impassable. R. S. 1889, sec. 2611; *Stacey v. Railroad*, 42 Minn. 158; 43 N. W. Rep. 905; *Blais v. Railroad*, 24 N. W. Rep. 558; s. c., 34 Minn. 57; *Grahlman v. Railroad*, 78 Iowa, 564; 43 N. W. Rep. 529; *Wait v. Railroad*, 17 Atl. Rep. 284; *Railroad v. Babbs*, 23 Ill. 454; *Patten v. Railroad*, 75 Iowa, 459; 39 N. W. Rep. 708; *Rutledge v. Railroad*, 78 Mo. 286, 617; 2 Shearman & Redf. Neg., sec. 424. (4) The mare killed was unlawfully running at large, and came upon the track at the depot grounds where defendant could not fence, and there was no negligence on part of defendant or its employes, therefore, plaintiff should not recover. *Pearson v. Railroad*, 33 Mo. App. 543; *Ehret v. Railroad*, 20 Mo. App. 251; *Nance v. Railroad*, 79 Mo. 196; *Hanna v. Railroad*, 21 N. E. Rep. (Ind.) 903.

*Sallee & Crossan*, for respondent.

(1) There was no error in the action of the court in permitting plaintiff to file a reply. This is a matter

which is largely in the discretion of the trial court. R. S., sec. 2211; *Blondeau v. Sheridan*, 81 Mo. 545. (2) The court did not err in plaintiff's instruction. The only issue in the case was whether the company had built and maintained a sufficient cattle-guard at the place where the mare passed over onto defendant's track. The question of fencing the road cuts no figure whatever in this case, because plaintiff did not claim that the mare got upon the track and to the point where she was killed by reason of a defective fence, but by reason of a defective cattle-guard. This instruction is in exact conformity to the statute, section 2611. (3) The defendant's fourth instruction does not state the law and was properly refused. The statute contains no such qualifications as those stated in this instruction. The statute says the cattle-guard shall be sufficient to prevent horses and mules, etc., from coming upon the track. The authorities cited by the appellant do not sustain its position. Besides having asked and had given in its own behalf instruction, numbered 2, based upon the exact theory of the law held by plaintiff, the defendant cannot now adopt another or different theory. *State v. Stewart*, 90 Mo. 507; *Fairbanks v. Long*, 91 Mo. 628; *Bank v. Armstrong*, 92 Mo. 265; *Reily v. Railroad*, 94 Mo. 600; *Railroad v. Vivian*, 33 Mo. App. 583; *Jennings v. Railroad*, 99 Mo. 394; *Tetherow v. Railroad*, 98 Mo. 74. (4) There was no evidence that the mare was unlawfully running at large. Her accidental escape from the inclosure of her owner does not amount to a running at large. *Morrow v. Railroad*, 17 Mo. App. 103; *Spiller v. Young*, 63 Mo. 42; *Pearson v. Railroad*, 33 Mo. App. 543.

SMITH, P. J.—This was an action commenced under section 2611, Revised Statutes, 1889, to recover damages for the killing of a mare. The plaintiff had judgment in the circuit court, and the defendant brings the case here by appeal.

It appears from the abstract of the evidence that defendant had constructed and maintained a cattle-guard on its road at a point where it was its duty to do so under said section 2611 ; that a mare of the plaintiff's escaping from his inclosure through a gate went upon defendant's right of way, where it was not obliged by statute to fence, and from thence proceeded along such right of way until she reached defendant's cattle-guard, which she jumped over, and from thence she proceeded to a trestle into which she fell and where she was run over and killed by defendant's locomotive. There was evidence showing that on a number of previous occasions horses had been been seen to jump this same cattle-guard. There was evidence showing the construction of the cattle-guards ; there was, also, introduced the testimony of experts showing that the cattle-guard in question was of a pattern in use by some of the principal western railroads, and was considered the very best, being a standard guard.

The court instructed the jury for the plaintiff as follows : "The court instructs the jury that the laws of the state of Missouri require all railroad companies to erect and maintain good and lawful fences along the sides of its railroads except at public crossings and incorporated towns, and where fences are required ; to also construct and maintain cattle-guards sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad. And if they should find and believe from the evidence that the mare in controversy got upon the railroad at a place where the railroad company had failed to construct and maintain a sufficient cattle-guard as aforesaid, you should find for the plaintiff and assess his damages at such sum as you may believe the mare was reasonably worth at the time she was killed, not exceeding the sum of $80. The giving of this instruction constitutes the principal error assigned by the appealing defendant.

The statute has defined what shall constitute a lawful fence, but it has not, in terms, defined a cattle-guard, further than it shall be sufficient to prevent horses, cattle, mules and other animals from getting on the railroad. The construction of a statute should accord with reason and common sense. It should not be construed so as to require impossible or unreasonable things. It was certainly not the intention of the legislature to require that a railroad cattle-guard, to be sufficient, must be so constructed and maintained as to interpose an absolutely insurmountable and impassable barrier against the encroachment of stock, without exception and under all circumstances. It was certainly not the purpose of the statute to require that the railroad companies of the state should construct and maintain cattle-guards to be, not only sufficient to ordinarily prevent horses, cattle, mules and other animals from getting on their railroad, but sufficient to bar animals that are wild or breachy, or have the habit of fence-jumping, or under fright or excitement. A railroad is certainly not chargeable as an absolute insurer of the efficacy of its guards under every circumstance. This would be absurd. In Vermont the language of the statute is nearly identical with that of this state, in respect to the duty enjoined upon railroads to construct and maintain cattle-guards, and it is there held that the statute must not be so construed as to mean that a guard should be so built that under no circumstances could an animal cross it, but under all ordinary circumstances is sufficient to prevent cattle and other animals from getting on the track ( *Wait v. Railroad*, 17 Atl. Rep. 284 ); and the same rule is recognized in 2 Shearman & Redfield on Negligence, section 424. The question whether a cattle-guard is sufficient or not is one for the jury. 3 Wood on Railways, 1557.

The plaintiff's instruction, of which defendant complains, should have informed the jury that, if defendant's cattle-guard was not ordinarily sufficient to

Cole v. The Chicago, B. & Q. Ry. Co.

prevent stock from getting on its railroad, and that if plaintiff's mare passed over it and got on the railroad and was hurt, they should find for the plaintiff. A cattle-guard that is ordinarily or usually sufficient to prevent stock from crossing it is sufficient within the meaning of the statute, and the jury should have been so directed in the instruction for plaintiff. Under plaintiff's instruction the jury were authorized to find for the plaintiff, if his mare passed over defendant's cattle-guard, without reference to whether it was ordinarily sufficient to prevent stock from crossing it or not. In other words, if the guard did not turn the plaintiff's mare, that was enough to establish its insufficiency. The statute introduces no such test of sufficiency. The term "sufficient," as employed in the instruction, should have been preceded by some such qualifying adjective as ordinary, usual or general. The language of the instruction too much restricted the jury's field of inquiry.

For this fault we should reverse the judgment, were it not the second instruction asked by defendant contains like fault which must preclude it, and no error is perceived in the action of the court in permitting the plaintiff to file his replication. R. S., sec. 2211 ; *Blondeau v. Sheridan*, 81 Mo. 545.

The defendant was in no way relieved of the duties imposed by section 2611, by the adoption of article 2, chapter 5, Revised Statutes. The latter statute cuts no figure in this case. *Morrow v. Railroad*, 17 Mo. App. 103.

Perceiving no error in the record which would justify any interference by us with the judgment, it results that it must be affirmed. All concur.