RICHARD JONES, Respondent, v. CHICAGO, BURLINGTON & KANSAS CITY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1894.

1. **Appellate Practice:** REPUGNANT INSTRUCTIONS. Where instructions are manifestly erroneous and repugnant, the appellate court will reverse.

2. **Railroads:** CATTLE GUARDS. If a cattle guard is ordinarily sufficient to turn stock, it is sufficient within the meaning of the statute and an instruction should have some qualifying word, such as "ordinarily sufficient," and not leave the jury to infer if the guard did not turn the animal in question that it it was insufficient.

3. **Appellate Practice:** AMENDMENT: TRIAL COURT. An appellate court will not review the action of the trial court in permitting an amendment to a plaintiff's statement when it does not appear that an objection was interpose in the trial court.

4. **Trial Practice:** SUFFICIENCY OF CATTLE GUARD: JURY QUESTION. The sufficiency of a cattle guard, together with its size and the timbers of which it is built are matters for the jury.

5. **Railroads:** CATTLE GUARD: EVIDENCE. If a cattle guard is ordinarily sufficient and a horse jumps over it onto the track and is there struck, the railroad is not liable; but in this case, there is sufficient evidence of the insufficiency of the cattle guard to send the question to the jury.

*Appeal from the Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Palmer Trimble, J. H. Carroll* and *H. D. Marshall* for appellant.

(1) Negligence alleged in the petition is that the cattle guard over which the mare passed "was then, and ever since its construction had been, defective, unlawful and insufficient to prevent," etc. The uncontroverted facts are, no one saw the mare crossing the guard. This guard was a standard guard and similar in every respect to the guards used upon all railroads of the country. The supposition or the opinion of the witnesses was that the mare was frightened by the train and jumped across. There was no defect in the guard. Two cattle, frightened by an approaching train, attempted to get through this guard but were caught. A horse with the train after him, jumped over, and a colt after the accident, in the language of

the witnesses, "darted over and darted back." Under these facts, negligence never being presumed, the defendant's demurrer to the evidence should have been sustained. *Cole v. Railroad*, 47 Mo. App. 624; *Smead v. Railroad*, 24 N. W. Rep. 761; *Wait v. Railroad*, 17 Atl. Rep. 284. (2) "A railroad company is not an absolute insurer of its guards under every circumstance. * * * A guard that is ordinarily or usually sufficient to prevent stock from crossing it, is sufficient within the meaning of the statute." *Cole v. Railroad, supra; Wait v. Railroad, supra; Smead v. Railroad, supra; Moriarty v. Railroad*, 64 Iowa, 696; *Timins v. Railroad*, 72 Iowa, 94. (3) The sufficiency of the guards was a question for the court. Hence, upon the evidence the court should have sustained the demurrer to the evidence. 3 Wood on Railway, 1557. (4) The court erred in giving the instructions asked by respondent. *Cole v. Railroad, supra; Smead v. Railroad, supra; Wait v. Railroad, supra.*

*A. D. Christy* and *A. W. Mullins* for respondent.

The amended statement was filed by leave of the circuit court, and this was authorized by this court when the case was here before. *Jones v. Railroad*, 52 Mo. App. 381, 384. And no objection was made to the filing of it at the time or thereafter until after the trial of the case. But appellant's abstract says that defendant "filed an answer denying each and every allegation." The record, therefore, does not present any question for the consideration of this court with respect to the filing of said amended statement and the trial of the case thereon. R. S. 1889, sec. 2303, p. 590. *Hubbard v. Quisenberry*, 28 Mo. App. 20, 27. The evidence introduced on the trial amply supports the verdict and judgment. *Costigan v. Trans. Co.*, 38 Mo.

App. 219, 222. The jury were the judges of the weight of the evidence and the credibility of the witnesses and if there was any substantial evidence which tended to support plaintiff's case, then the judgment should stand; especially as two juries have found for the plaintiff, and the trial judge approved both verdicts. *Doud v. Reid*, 53 Mo. App. 553; *Henry v. Railroad*, 109 Mo. 488; *Eswin v. Railroad*, 96 Mo. 290; *Reber v. Railroad*, 38 Mo. App. 646; *Burke v. Railroad*, 51 Mo. App. 491, 499. The court committed no error in giving plaintiff's instructions. The action was brought under section 2611, 1 Revised Statutes of 1889, and plaintiff's instructions are in exact accord with that statute. Complaint is made by appellant that the instructions given by the court for the plaintiff and defendant are not in harmony, but conflict. If there is any conflict it is because those given for defendant went further in its favor than either the evidence in the case, or the law, justified. In such case the defendant has no just cause of complaint. *Hughlett v. Lumber Co.*, 53 Mo. App. 87. The instructions, however, should all be considered together as a whole, and when thus read, if they present the law of the case fairly, there is no error. *Wetzell v. Wagoner*, 41 Mo. App. 509; *Wallich v. Morgan*, 39 Mo. App. 469; *Railroad v. Vivian*, 33 Mo. App. 583; *Reilley v. Railroad*, 94 Mo. 600.

SMITH, P. J.—This case was here on another occasion, as may be seen by reference to 52 Mo. App. 381. The nature of the case then, as now, there sufficiently appears. The judgment was then reversed and the cause remanded. There has been since then another trial resulting in a judgment for plaintiff and from which defendant has appealed.

The instructions given for plaintiff are so manifestly erroneous and repugnant to those for the defend-

ant that we feel compelled on that account to reverse the judgment.

The plaintiff's first instruction told the jury that if the plaintiff's mare got upon defendant's railway by crossing or jumping over a cattle guard which was defective and insufficient to prevent horses from getting on said railway, then the plaintiff was entitled to recover.

The second for the plaintiff further told the jury that it was the duty of defendant to construct and maintain cattle guards where fences are required on all public roads sufficient to prevent horses, cattle, mules and all other animals from getting upon its railway; and if they believed that the cattle guard in question when and where plaintiff's mare is alleged to have gotten on the defendant's railway, was not sufficient to turn horses, cattle and other domestic animals, then to find for plaintiff. A similar instruction was examined, and condemned by us, in *Cole v. Railway*, 47 Mo. App. 624. We there said that a cattle guard that is ordinarily sufficient to turn stock is sufficient within the meaning of the statute. Under the plaintiff's instruction the jury there, as here, were authorized to find for the plaintiff if his mare passed over defendant's cattle guard without reference to whether it was ordinarily or usually sufficient to prevent stock from crossing it or not, in other words, if the guard did not turn plaintiff's mare, that that was enough to establish its insufficiency. The statute introduces no such test of sufficiency. The term "sufficient" as employed in the instruction should have been preceded with some such qualifying adjective as *ordinary*, *usual* or *general*. The language of the instruction too much restricted the jury's field of inquiry.

A railway company is certainly not chargeable as an absolute insurer of the efficiency of its guards under

every circumstance. It was not the purpose of the statute to require the railway companies of this state to construct and maintain cattle guards, not only sufficient to ordinarily or usually prevent horses, cattle, mules and other animals from getting on their railways, but to be sufficient to turn animals that are wild, breachy, or have the habit of fence jumping, or are under fright or excitement. A construction of the statute requiring this would be unreasonable and absurd. The plaintiff's instruction in this case contains a like vice for which that in *Cole v. Railway*, was condemned by us. .

The instructions given for the defendant were in accord with our ruling in the *Cole v. Railway case*, and are, therefore, in irreconcilable conflict with those of the plaintiff. The latter were misleading and confusing and should not have been given.

The propriety of the action of the trial court in permitting the plaintiff to amend his statement can not be questioned here, since it does not appear from the record that an objection was in any manner interposed thereto in that court. *Hubbard v. Quisenberry*, 28 Mo. App. 20.

The question of whether the cattle guards were ordinarily, usually, or generally sufficient or not was a question for the jury under the evidence, and more especially so since the same was conflicting. *Railway v. Neidbrander*, 40 Ohio St. 15; *Swartzel v. Railroad*, 4 Hun (N. Y.), 571. The size of the cattle guard, the kind of timber of which it was built, the distance apart at which the timbers were laid, the depth of the pit, etc., were matters for the jury. 4 Hun, *supra*; 3 Wood on Railways, sec. 419. If the cattle guard was ordinarily sufficient to turn stock and the plaintiff's mare jumped over it and passed onto the defendant's railway track where she had no right to be and was then struck and

killed, the defendant was not liable therefor. We can not say there was absolutely no evidence adduced of the ordinary insufficiency of the cattle guard to justify the submission of the case to the jury. We think under appropriate instructions it was the duty of the court to leave it to the jury to determine the issue from all the evidence adduced.

For the error in the giving of instructions for the plaintiff the judgment will be reversed and the cause remanded. All concur.