THOMAS J. MEADOWS, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Railroads: KILLING STOCK: COMPLAINT: DAMAGE STATUTES.** An amended statement set out in the opinion is held to state a good cause of action under section 4428, Revised Statutes 1889, which is supplementary to section 2611 and gives a cause of action for stock killed where the tracks of a railroad are not fenced but might have been.

2. ———: ———: **SUFFICIENCY OF COMPLAINT.** A complaint under section 4428, does not have to state in words that the track might have been fenced but it is sufficient if it alleges facts that show it might have been.

3. **Justices' Courts: STATEMENT: AMENDMENT ON APPEAL: DEPARTURE: WAIVER.** Where a statement is amended in the circuit court on appeal from the justice, and the defendant without objection appears and tries the cause on such statement, he has waived his right to object that such amendment was a departure from the original statement.

Meadows v. C., M. & St. P. Ry. Co.

4. **Railroads: KILLING STOCK: AGREEMENT WITH LAND-OWNER AS TO FENCE: RUNNING WITH THE LAND.** Parol agreements for the arrangement and maintenance of a fence between a railroad and the abutting landowner do not run with the land and can not bind a grantee.

Appeal from the Ray Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Chas. A. Loomis* for appellant.

(1)   No action can be maintained under section 2611 or section 2612 for stock that is struck and killed within the corporate limits of any city or town. Edwards v. Railroad, 66 Mo. 567; Cousins v. Railroad, 66 Mo. 572; Elliott v. Railroad, 66 Mo. 683; Rhea v. Railway, 84 Mo. 345; Brandenburg v. Railroad, 44 Mo. App. 244.   (2)   Both the original petition filed in the justice court, and the amended petition, filed in the circuit court, and also the amended petition after it was finally amended on the trial by striking out the words "the double of" was intended to and did state a cause of action, if it stated any cause of action, under section 2611. R. S. 1889, sec. 2611; Evans v. Railway, 67 Mo. App. 255; Rhea v. Railway, 84 Mo. 345; Geiser v. Railway, 61 Mo. App. 459; Yeager v. Railway, 61 Mo. App. 594; Manz v. Railway, 87 Mo. 278.   (3)   The same cause of action and no other that was tried before the justice shall be tried before the appellate court on the appeal.   Amendments may be made in the circuit court, stating properly the cause of action which was intended to be stated before the justice, but no amendment can be allowed in the circuit court which does not state the same cause of action which was intended to be stated before the justice.   Sections 6345 and 6347, Revised Statutes 1889; Evans v. Railway, 67 Mo. App. 255; Gregory v. Railway, 20 Mo. App. 448; Sturges v. Botts, 24 Mo. App. 282.   (4) Plaintiff can not bring an action for double damages under

section 2611, or for single damages under section 2612, and recover under section 4428 or at common law. He can not change his cause of action after he has commenced it, from double damages to single damages. Rhea v. Railway, 84 Mo. 345; Wood v. Railroad, 58 Mo. 109; Edwards v. Railroad, 66 Mo. 567, 572; Luckie v. Railway, 67 Mo. 245; Cary v. Railroad, 60 Mo. 209; Grant v. Railway, 56 Mo. App. 65-67; Sullivan v. Railroad, 72 Mo. 195. (5) Neither the original petition filed in the justice court nor the amended petition filed in the circuit court stated any cause of action under section 4428, Revised Statutes 1889, for the reason: First, that it does not state facts showing that the injury occurred where the company might or could fence, but where it is not compelled to fence. But on the contrary alleged facts showing that the injury happened where the company was compelled by law to fence, under section 2611. Vail v. Railway, 28 Mo. App. 372; Evans v. Railway, 67 Mo. App. 255; Smith v. Railway, 29 Mo. App. 65; Clarkson v. Railway, 84 Mo. 583, 586; Russell v. Railroad, 83 Mo. 507. (6) The court committed error in refusing instructions numbered 3 and 4 asked by defendant. Ells v. Railroad, 48 Mo. 231; Busby v. Railway, 81 Mo. 43; Madison v. Railway, 60 Mo. App. 606, 607, and cases cited; Berry v. Railroad, 65 Mo. 172; Harrington v. Railroad, 71 Mo. 384; Ins. Co. v. Railway, 74 Mo. App. 98.

*Lavelock & Kirkpatrick* for respondent.

(1) The petition states a cause of action. Revised Statutes, section 4428; Scott v. Railroad, 75 Mo. 136; Wymore v. Railroad, 79 Mo. 249; Radcliffe v. Railroad, 90 Mo. 132, 133; Railroad v. Clark, 121 Mo. 183; Lane v. Railroad, 18 Mo. App. 560, 561; Vanderworker v. Railroad, 51 Mo. App. 169, 170. (2) The filing of the amended petition was authorized. Revised Statutes, sec. 6347; Geiser v. Rail-

road, 61 Mo. App. 461, 462. Defendant having gone to trial on the amended petition, without objecting thereto on the grounds that it changed the cause of action, thereby waived any such objection. Finkelburg's Appellate Practice, pp. 104, 105; Long v. Talley, 91 Mo. 310; Western v. Flanagan, 120 Mo. 64; Aull v. Railroad, 73 Mo. App. 369. Only questions decided by the trial, to which objections were made and exceptions saved, will be reviewed by appellate courts. Revised Statutes, sec. 2302; Burdoin v. Trenton, 116 Mo. 374; McDonald v. Cash, 45 Mo. App. 81; Distilling Co. v. Lock, 59 Mo. App. 639. This rule obtains as to the amendment of pleading. Hubbard v. Quisenberry, 28 Mo. App. 27; Jones v. Railroad, 59 Mo. App. 142. This is true even though the objection be that the amendment changes the cause of action. Spurlock v. Railroad, 93 Mo. 537; State ex rel. v. Jones, 53 Mo. App. 212; Beard v. Parks, 44 Mo. 244; Fisher v. Railroad, 46 Mo. 304; Burdoin v. Trenton, *supra*; Nall v. Railroad, 97 Mo. 75; Walker v. Owen, 79 Mo. 567, 568; State ex rel. v. Chick, 146 Mo. 661, 662; Querback v. Arnold, 55 Mo. App. 288. (3) A verbal agreement between a landowner and a railroad company that the former will maintain fences and gates on the sides of right of way and relieve the latter from liability for stock injured on the track by reason of defective fences or gates, does not run with the land and is not binding on third parties without notice. Nolon v. Railroad, 23 Mo. App. 356. (4) The evidence sustains the cause of action alleged in the petition. Wymore v. Railroad, 79 Mo. 249; Radcliffe v. Railroad, 90 Mo. 132; Lane v. Railroad, 18 Mo. App. 560, 561; Vanderworker v. Railroad, 51 Mo. App. 169; Woods v. Railroad, 51 Mo. App. 503; Frect v. Railroad, 63 Mo. App. 551, 553.

GILL, J.—Plaintiff sued the defendant before a justice of the peace for running one of its trains over and killing a horse belonging to him at a point where said railroad passes

through plaintiff's premises, and which are within the corporate limits of the town of Lawson in Ray county.

At the trial the circuit court where the case was taken by appeal, there was little dispute as to the facts. Plaintiff's premises are just within the outer limits of the town of Lawson. His residence is on one side of the defendant's right of way and he has a small pasture on the other side. The right of way has a fence on the two sides, and in order to let plaintiff's stock pass over into the pasture, there was a small gate about five feet wide placed in the right of way fence. This gate had, according to plaintiff's evidence gotten out of repair, had become rotten, hinges broken, etc., and had been in that condition for more than a year prior to the accident. The horse it seems bore against the defective gate, it broke down, and he went upon the railroad track and was killed by a passing train. The plaintiff's tract of land, though within the corporate limits of Lawson, had never been platted, and there were no streets, alleys or other highways passing over or through the same.

Defendant introduced evidence tending to prove that the gate in question was constructed by one Cummins, a former proprietor of the land; that the defendant's road-master attempted to put in a regular farm crossing gate of the usual width and strength, but that Cummins at the time objected and told the road-boss that he wanted nothing but the small gate which he (Cummins) would put in himself and at his own risk and expense. Cummins died in February, 1898, about six months before plaintiff's horse was killed. But it seems that plaintiff (who was Cummins' son-in-law) had prior to that been in possession of the land as a tenant. Whether at the time of the accident plaintiff occupied the property by right of heirship or as tenant of the heirs, does not appear. At any rate it is conceded that he was proprietor, and had been occupying the premises for some time. On the merits of the case the principal contention at the trial was, that

because of the conduct of Cummins, as above stated, the defendant was relieved of the obligation to maintain the gate — that the right of the plaintiff thereto had been waived.

The case was tried before the court sitting as a jury resulting in a judgment in plaintiff's favor for $140 (the admitted value of the horse), and defendant appealed.

The errors assigned may be treated of under two heads —first as to the sufficiency of the complaint filed before the justice, but which was amended in the circuit court; and second, conceding the complaint to be good, whether under the evidence the plaintiff was entitled to recover—including in the latter point the action of the court in refusing certain instructions asked for by defendant.

Without quoting the statement or complaint filed with the justice at the institution of the suit, I think it should be conceded that it was an attempt to state a case under section 2611 which fixes a liability for double damages for stock killed by a railroad company at a point on its right of way which said statute requires to be fenced. Although the complaint was awkwardly drawn, and in addition to calling for double damages asked also for an attorney's fee, it is yet apparent from the face of the paper that the pleader intended to base his claim on section 2611, and not 2612 or on section 4428 of the general damage law. But when the case got into the circuit court by appeal the plaintiff filed an amended statement which eliminated to a large extent those features which so definitely characterized the complaint as one under section 2611, and as I think made of it a fairly good statement under section 4428. This amended statement—after the formal allegations of defendant's incorporation, etc.—proceeds to allege:

"That on or about the 25th day of July, 1898, this plaintiff was the owner of the following described animal to wit, a horse of the value of one hundred and forty dollars, and that on or about the date above mentioned, the said animal without

fault of the plaintiff strayed on the railroad track of the defendant in said Polk township and was struck by the engine, train and cars of the defendant while the same were being run and operated by the defendant, its agents and servants, on its said railroad track in Polk township in said Ray county; that the place at which the horse of the plaintiff strayed upon said track was not within the switch limits of any station on said railroad nor at any public or private crossing or street over said railroad; that said horse strayed upon said railroad track at a point where the same passes through inclosed and cultivated fields and premises of which the plaintiff is the proprietor, and at a point where the defendant had failed to maintain at all points on the sides of its right of way a lawful fence sufficient to prevent said animal from straying from the adjoining inclosure onto said track; that said horse did stray from the adjoining inclosure through an opening or defect in the fence of defendant onto its said track where it was killed as aforesaid."

The foregoing comprise substantially all the allegations necessary to charge the defendant under section 4428. This section was intended as a supplementary provision to section 2611. The latter was intended to require railroad companies to erect and maintain fences along their tracks where they pass through the country outside the limits of incorporated towns and cities (except of course where they pass over highways) and in default of which they were to pay double damages for stock killed or injured by reason of such default; while the former (sec. 4428) was intended to give a cause of action in single damages for stock killed or injured along the line of the railroad where the tracks were not fenced but might have been, though not in fact required by section 2611 to be fenced. Hence if stock was run over and killed or injured along the line of the road where the right of way was not inclosed by a lawful fence, the owner might sue and recover double damages if the loss occurred by failure to fence where

section 2611 required, or might sue and recover single damages under section 4428 whether the failure to fence was at a point required by section 2611 or was at a point not so required but which might lawfully have been fenced.    Judge Henry in Radcliffe v. Railway, 90 Mo. loc. cit. 133, thus shows the purpose of section 4428, then called section 2124:

"The words 'may be inclosed' in the proviso mean no more than that the company should not be held under that section, if in fact the road at the point where the accident occurred, was inclosed by a lawful fence.    It was not intended to restrict its application to cases of injury occurring at points where the companies are required to fence, but is general, giving the right to sue, under that section, for an injury occurring anywhere on the road, except where it was inclosed by a lawful fence or crossed public highways.    When the injury occurs at an unfenced portion of the road which the statute requires the company to fence, the owner of the cattle injured has the option to sue for double damages under the eight hundred and ninth section (now 2611) or to sue under section 2124 (now 4428) of the damage act for single damages."

Defendant's counsel is therefore in error in contending, as he does in his brief, that plaintiff's complaint is defective because "it does not allege that the injury occurred at a point where the defendant railroad company was not compelled by law to fence, but might fence its road."    For, as already stated, section 4428, provides for an action not only where the injury occurs at a point required to be fenced, but at any point on the road where the railroad may lawfully fence its track.    So then if the complaint allege in direct terms, or state such facts as would clearly imply that the injury occurred at a point on defendant's road which it might have fenced but did not then the petition or statement should in that respect be held good under section 4428.    Where the statement alleges facts which show that the defendant might have

. fenced its road at the point where the horse entered upon the track, it is sufficient in that regard. Radcliffe v. Railway, *supra*; Wymore v. Railroad, 79 Mo. 247.

The statement in hand sufficiently charged these facts. It was there alleged that tthe place where plaintiff's horse strayed upon the track "was not within the switch limits of any station on said railroad nor at any public or private crossing or street over said railroad; that said horse strayed upon said railroad track at a point where the same passes through inclosed and cultivated fields and premises of which the plaintiff is proprietor, and at a point where the defendant had failed to maintain at all points on the sides of its right of way a lawful fence, etc. * * * that said horse did stray from the adjoining inclosure through an opening or defect in the fence of defendant onto its said track where it was killed as afore-said." If these allegations were true then clearly the road was not inclosed with a lawful fence where it might have been. If the facts were as alleged then there was nothing to prevent defendant from fencing its right of way at the point where the injury happened. In the prayer for relief, it is true, plaintiff asked double damages, but the sufficiency of the statement is not judged by the prayer but by the facts alleged. This prayer however was stricken out at the trial and plaintiff asked only single damages. We hold the complaint or statement contained sufficient allegations to bring the case within the purview of section 4428, on which evidently the cause was tried and determined.

In defendant's brief however it is contended, that if the amended statement filed in the circuit court is to be treated as the statement of a cause of action under section 4428 of the damage act, then it is a departure from the cause of action set out in the complaint filed in the justice's court. It is then insisted that no such amendment could be made as this would be introducing or substituting a cause of action different from that contained in the original complaint, contrary to

sections 6345, 6347 of the statute, which in effect denies the right of the plaintiff to state by amendment in the circuit court a cause of action different from that alleged in the justice's court.   Evans v. Railway, 67 Mo. App. 255.   But defendant is in no condition now to make this complaint, since it failed to make timely objection in the circuit court.   The record does not show that defendant objected to the filing of the amended statement or that at any time the defendant moved to strike it out.   On the other hand defendant went to trial thereon and took its chances on the alleged new cause of action.   It thereby waived its right to object in this court. Hubbard v. Quisenberry, 28 Mo. App. 20; Jones v. Railway, 59 Mo. App. 137.

Defendant's counsel is correct in the contention that no action can be maintained under section 2611 for stock killed or injured within the corporate limits of a city or town.   If then this suit had been tried on the first statement filed before the justice then clearly under the authorities cited by defendant the plaintiff could not have recovered.   But as already stated that complaint was abandoned in the circuit court, and without any objection from defendant the case was litigated on a new and different cause of action—was based on a section allowing a recovery even though the place of injury was within the corporate limits of a town.

The next and last contention is that even though the fence inclosing the defendant's right of way was, by reason of the defective gate, so imperfect as to permit stock to enter onto the railroad, yet, because of the oral agreement had with Cummins, the prior owner and occupant to the effect that he (Cummins) would erect and maintain the small gate at his own risk, plaintiff could not now complain of a defect therein.

If Cummins was party plaintiff to this action then defendants authorities would apply.   He (Cummins) would be estopped to make any claim.   But there was no evidence, however, to prove that plaintiff had any notice of this so-called

understanding between Cummins and the railroad company until after plaintiff had gone into possession of the premises, and he then warned defendant's agents that he would not be bound thereby and that he would insist on proper fencing. Under a similar state of facts the supreme court said: "But parol agreements for the removal and discontinuance of a fence on the line of a railroad between the owner of the land and the railroad company does not run with the land and can not bind the grantee." (Citing authorities.) "It would seem, therefore, that a tenant of the landowner who had made such a contract with a railroad would not be bound thereby, unless he had notice of the existence thereof. 4 Ohio St. 424," see, also, Nolon v. Railway, 23 Mo. App. 353. So then in this case, it would seem that whether plaintiff was occupying the premises as tenant or purchaser and grantee of the Cummins heirs, he was not bound by the parol agreement the ancestor made with the railroad company. Said agreement did not run with the land, and defendant's instructions numbered 3 and 4 were correctly refused.

Discovering no reversible error in the record, the judgment must be affirmed. All concur.