CHARLES M. MILLER, Respondent, v. CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 18, 1914.**

1. **DAMAGES: Railroads: Cattle Guards: Double Damages.** The plaintiff instituted this action to recover double damages under Sec. 3145, R. S. 1909, for the killing of his horse by the defendant's railroad train. The horse had passed over the cattle guards at a crossing and was killed on the right of way. *Held*, that the trial court did not err in overruling the demurrer to the evidence.

2. ————: **Evidence Expert: Question for Jury.** The question as to whether a cattle guard is sufficient, or not, is for the jury and evidence of experts is not necessary; but given the size of the cattle guard, the timber of which it is built, and the distance apart at which the timbers are laid being shown, the jury is competent to speak of its fitness.

3. **EVIDENCE: Burden of Proof: Right-of-Way.** The burden of proof is upon the plaintiff to show that a breach by defendant of its statutory duty to maintain a cattle guard, that would ordinarily be sufficient to prevent horses from passing over it, was the cause of the entry of his horse upon the right-of-way.

Appeal from Caldwell Circuit Court.—*Hon. A. B. Davis*, Judge.

AFFIRMED.

*Fred S. Hudson* for appellant.

(1) The company has discharged its full duty under the law when it erects and maintains in good repair a cattle guard that is as perfect and well adapted to the purpose of turning stock as it is practicable to make it, taking into consideration the safety of the traveling public and the safe and prudent operation of the road. Railroad v. Busick, 86 S. W. 675; Rail-

road v. Goset, 68 S. W. 879; Railroad v. Russel, 110 S. W. 318; Cole v. Railroad, 47 Mo. App. 624; Jones v. Railroad, 59 Mo. App. 137; Sappington v. Railroad, 95 Mo. App. 392; Deitrich v. Railroad, 89 Mo. App. 36; Timins v. Railroad, 72 Iowa, 94; Barnhart v. Railroad, 97 Iowa, 654. (2) No negligence or wilfulness is charged to defendant and the evidence given by the witnesses of both plaintiff and defendant was that the fences and cattle guards were in no way out of repair or defective; hence no evidence upon which to base a verdict and judgment. R. S. 1909, Sec. 3145; Lynn v. Railroad, 164 Mo. App. 450.

*D. E. Adams* and *O. J. Adams* for respondent.

JOHNSON, J.—This is an action for double damages under section 3145, Revised Statutes 1909, for the killing of a horse by a train on defendant's railroad at a place in the country where the statute required defendant to fence and "to construct and maintain cattle guards sufficient to prevent horses . . . from getting on the railroad."

The petition alleges that the horse entered the right of way at a point two miles west of the station of Cowgill where defendant had failed to maintain a lawful fence and "had insufficient cattle guards to prevent horses . . . from getting on to said right of way." The answer was a general denial. A trial of the issues resulted in a verdict and judgment for plaintiff and the cause is here on the appeal of defendant.

On September 27, 1912, plaintiff's horse escaped in the night from a pasture and strayed on a public road with six or seven other horses to the railroad crossing in question. The railroad ran east and west through farming land and the right of way was enclosed with lawful fences in good repair. There were cattle guards and wing fences on each side of the crossing which had been put in within ninety days and were

in good repair. there is uncontradicted evidence introduced by defendant to the effect that the cattle guards were constructed in conformity with a standard plan adopted by the Roadmaster's Association of America and in use on many of the great railway systems. The guard was made of pine timbers, 10 feet long, 4 inches wide and 2 inches thick, laid edgewise one inch apart and with each plank beveled at the top so that the floor thus formed was in longitudinal ridges but afforded a solid, though uneven support for a horse or other large animal attempting to pass over it. Defendant's witnesses claim that such a surface ordinarily will turn horses which are not exceptionally breachy nor completely panic-stricken. Under the standard construction the pit formerly dug under each cattle guard is discarded on account of the danger to passing trains which sometimes were derailed by animals caught and held in such pits, and from the burning of inflammable debris which had accumulated in them.

The evidence of plaintiff and much of the evidence of defendant tends to show that the horse entered the right of way over the east cattle guard and was struck by a passing eastbound train some distance east of the guard. The engineer testified that the horse was struck in the public road and carried over the cattle guard but from all the evidence the inference is very strong that he is mistaken and has confused plaintiff's horse with another that was struck just before the locomotive reached the cattle guard.

There is a sharp dispute in the evidence over the question of whether the horse went over the cattle guard under no stronger motive than to graze on the right of way or under the impulse of extreme terror produced by the approaching train. This dispute was settled by the verdict in favor of plaintiff and for the purposes of the demurrer to the evidence which defendant argues should have been given, we must assume, since there is substantial evidence to that effect, that

this horse and two or three others, attracted by the grass in the right of way, crossed over the guard to browse sometime before the arrival of the train.

There is no charge that the killing of the horse was negligent or willful, and the only question for our solution is whether or not the evidence of plaintiff will support a reasonable inference that the cattle guard was insufficient within the statutory meaning of that term. The burden of proof is upon plaintiff to show that a breach by defendant of such statutory duty was the cause of the entry of his horse upon the right of way. [Lynn v. Railroad, 164 Mo. App. l. c. 450.] Such proof might consist entirely of circumstantial evidence but without an affirmative showing that the cattle guard was insufficient to turn horses plaintiff could not recover. The statute did not impose the duty upon defendant of maintaining a cattle guard that would be an insurmountable barrier to horses under any and all circumstances. It is not intended that a railroad company shall insure its cattle guards to be stock proof. Regard must be had for the safety of trains as well as for the turning of live stock and the extent of defendant's duty was to build and maintain a guard that ordinarily would be sufficient to prevent horses from attempting to pass over it into the right of way. [Cole v. Railway, 47 Mo. App. 624; Jones v. Railway, 59 Mo. App. 137; Sappintgon v. Railway, 95 Mo. App. 392; Dietrich v. Railway, 89 Mo. App. 36; Timins v. Railway, 72 Iowa, 94; Railroad v. Farrelly, 3 Ill. App. 60; Railway v. Busick, 86 S. W. (Ark.) 674; Railway v. Goset, 68 S. W. (Ark.) 879.] In the case last cited it is well said by the Supreme Court of Arkansas "The law does not impose an impossible or impracticable duty upon the company; and, when its stock guard is as perfect and as well adapted for the purpose of turning stock as it is practicable to make it, in connection with the safe and prudent operation of the road, that is all the law re-

quires, and the company has discharged its duty under the statute.''

The fact that the horse of plaintiff and two or three of its companions crossed the cattle guard will not, of itself, make out a prima-facie case of insufficiency but that fact coupled with proof of ''the size of the cattle guard, the kind of timber of which it was built, the distance apart at which the timbers were laid,'' etc. (Jones v. Railway, supra) would constitute proof of insufficiency in instances such as the present where the inference is reasonable that a horse, under ordinary circumstances, would find no serious obstacle in such structure and would not be greatly deterred thereby from seeking entrance to forbidden pastures. The rule, as stated in 3 Wood on Railroads, sec. 419, is that ''the question as to whether a cattle guard is sufficient or not is for the jury and evidence of experts is not necessary; but the size of the cattle guard, the kind of timber of which it is built, and the distance apart at which the timbers are laid being shown, the jury is competent to speak of its fitness.'' [Swartout v. Railroad, 7 Hun. 571; Railroad v. Newbrander, 40 Ohio St. 15; Railroad v. Farrelly, supra.]

There was nothing in the cattle guard in question to repel an animal except its serrated surface. Just how great a deterrent that would be to a horse would seem to be a question peculiarly for the jury to determine without the aid of opinion evidence. The evidence of plaintiff presents a prima-facie case of an insufficient guard which was not destroyed but only combated by the uncontradicted defensive evidence that the guard was constructed after a standard plan in general use.

The test of whether a railroad company has properly performed its duty is that fixed by the statute, not that agreed upon by the companies upon which the law has imposed the duty. The latter standard may be in defect of the former and it was for the jury in this case to say whether it was or not. We agree with the

view expressed in Railroad v. Goset, supra, that it would not be proper for the court to instruct the jury that the company has discharged its duty if the guard is similar to those used by other first-class railroads and also with the statement of the Court of Appeals of Kentucky in Railway v. Russell, 110 S. W. 317, that "we do not know a better test that can be applied to determine the statutory sufficiency of a guard than to submit under competent evidence the question of reasonable sufficiency to a jury." No amount of opinion evidence (if such evidence were competent) would justify the conclusion, as a matter of law, that a cattle guard so constructed as to give solid and substantial support to animals attempting to cross upon it is reasonably fit for the use for which the statute commanded it should be constructed. [Swartout v. Railroad, supra.]

The court did not err in overruling the demurrer to the evidence.

We have sufficiently answered, in what we have said, the objection to the first instruction given at the request of plaintiff. As modified by the court that instruction properly declared the law, and the fact that the modification was made just after the close of the arguments to the jury was not prejudicial error.

The judgment is affirmed. All concur.